No. 60742.—J. M. Altieri v. United States, protest 294083–K (San Juan, P. R.).

DONLON, Judge: Plaintiff, customs broker at the port of San Juan, P. R., protested storage and cartage charges and "operating procedures & conduct customs personnel," in connection with an importation of canned salmon from Japan at the port of San Juan. Plaintiff's case is predicated on an alleged procedure at the port of Seattle, whereby merchandise is held by the collector there on the pier until such time as the United States Food and Drug Administration clears the shipment for release and releases it. The Seattle procedure is neither conceded nor proven.

According to the testimony of plaintiff's sole witness, Mr. Mario Brau, customs entry officer, plaintiff was notified, when making entry of this merchandise on April 30, 1956, that if he wished the merchandise held on pier at San Juan, pending release by the Food and Drug Administration, he should make formal petition to the collector. At that time, plaintiff showed the entry officer a letter he had received, allegedly with regard to the Seattle procedure, but the testimony of the witness is clear that he, nonetheless, advised plaintiff that it would be necessary to make formal petition to the collector, if he wished this merchandise held on the pier. Plaintiff did not make such petition. The merchandise, therefore, was transferred to warehouse, and certain storage and cartage charges resulted.

It is difficult to understand the basis for this protest. Certainly, there is no statutory authority for protest to obtain judicial review of "operating procedures & conduct customs personnel." As to those, the protest is dismissed.

As to the storage and cartage charges, it is likewise difficult to understand on what ground plaintiff seeks to recover them. He stated his desire to have the merchandise left on pier pending Food and Drug Administration release. He was advised, so his own witness testified, to file his petition with the collector. This he did not do.

The protest as to storage and cartage charges is overruled. Judgment for defendant.

BEFORE THE FIRST DIVISION, MAY 15, 1957

No. 60743.—M. Schwartz & Son, Inc. v. United States, protest 278054–K (A) (New York).

Opinion by WILSON, J. In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.

No. 60744.—Lane Antiques v. United States, protest 280891–K (New York).

Opinion by WILSON, J. In accordance with rule 5 (b) of the rules of this court, as amended, the protest was dismissed for lack of prosecution.